**DELIVER THESE PAPERS TO YOUR LIABILITY INSURANCE CARRIER IMMEDIATELY.**
**YOUR FAILURE TO DO SO MAY RESULT IN THE LOSS OF COVERAGE.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------X

ALEJANDRA LAVAYEN as administrator of the estate of Francisco Gadea Pacheco, Alejandra Lavayen individually, and as a parent and guardian of ARELI BETHSABE LAVAYEN GADEA, EZEQUIEL LAVAYEN GADEA

*Plaintiff, (s)*

-against-

LYFT, INC., and John Doe Driver,

*Defendant(s).*

-----------------------------------------------------X

Index No.:

Date Purchased:

Defendant designates County as the place of trial.

The basis of venue is the Defendant's address:
28 Liberty Street
New York, NY 10005

-SUMMONS-

Date Filed:

To the above-named Defendant:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney within twenty (20) days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

JURY TRIAL DEMANDED

DATED:    December 16, 2025
               New York, New York

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Yours, etc.,

_Kurt Robertson_ _____
Kurt Robertson, Esq.
**ROBERTSON & ASSOCIATES**
Attorneys for Plaintiff
42 Broadway, Suite 2040
New York, NY 10004

Defendant(s) Address:

LYFT, INC.
c/o C T Corporation System
28 Liberty Street
New York, NY 1000

John Doe Driver
Address Unknown

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
ALEJANDRA LAVAYEN as administrator of the estate of Francisco Gadea Pacheco, Alejandra Lavayen individually, and as a parent and guardian of A.L, E.L ,

       *Plaintiff,*(s)

   -against-

LYFT, INC., and JOHN DOE DRIVER,
      *Defendant(s)*,
-------------------------------------------------------------X

Index No.:

VERIFIED COMPLAINT

The Plaintiff, ALEJANDRA LAVAYEN, by her attorneys **ROBERTSON & ASSOCIATES,** upon information and belief alleges:

## THE PARTIES

1. At all times herein mentioned, Plaintiff, ALEJANDRA LAVAYEN was the spouse of the Decedent, FRANCISCO GADEA PACHECO.

2. At all times herein mentioned, Plaintiff, ALEJANDRA LAVAYEN, is the mother of ARELI BETHSABE LAVAYEN GADEA, and EZEQUIEL LAVAYEN GADEA.

3. At all times herein mentioned, FRANCISCO GADEA PACHECO, the DECENDENT, was a resident of the COUNTY OF HUDSON, STATE OF NEW JERSEY.

4. At all times herein mentioned, the Defendant, LYFT, was and is a resident of the COUNTY OF NEW YORK, STATE OF NEW YORK.

5. At all times herein mentioned, the Defendant, JOHN DOE DRIVER, was an employee of Defendant, LYFT.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## FACTS

1. On or about September 07, 2025, the Defendant, LYFT, had an ownership and interest in the aforementioned motor vehicle, at or near the aforementioned location.

2. On or about September 07, 2025, the Defendant, LYFT, was the registrant (s) of the aforementioned motor vehicle, at or near the aforementioned location.

3. On or about September 07, 2025, the Defendant, LYFT, managed the aforementioned motor vehicle, at or near the aforementioned location.

4. On or about September 07, 2025, the Defendant, LYFT, maintained the aforementioned motor vehicle, at or near the aforementioned location.

5. On or about September 07, 2025, the Defendant, LYFT, controlled the aforementioned motor vehicle, at or near the aforementioned location.

6. On or about September 07, 2025, the Defendant, LYFT, operated the aforementioned motor vehicle, at or near the aforementioned location.

7. On or about September 07, 2025, the Defendant, LYFT, inspected the aforementioned motor vehicle, at or near the aforementioned location.

8. On or about September 07, 2025, the Defendant, LYFT, leased the aforementioned motor vehicle, at or near the aforementioned location.

9. On or about September 07, 2025, the Defendant, LYFT, was the lessee of the aforementioned motor vehicle, at or near the aforementioned location.

10. On or about September 07, 2025, the Defendant, LYFT, drove with permission the aforementioned motor vehicle, at or near the aforementioned location.

11. On or about September 07, 2025, the Defendant, LYFT, drove with express permission the aforementioned motor vehicle, at or near the aforementioned location.

12. On or about September 07, 2025, the Defendant, LYFT, drove with implied consent the aforementioned motor vehicle, at or near the aforementioned location.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

13. On or about September 07, 2025, the Defendant, JOHN DOE DRIVER, had an ownership and interest in the aforementioned motor vehicle one, at or near the aforementioned location.

14. On or about September 07, 2025, the Defendant, JOHN DOE DRIVER, was the registrant(s) of the aforementioned motor vehicle number one, at or near the aforementioned location.

15. On or about September 07, 2025, the Defendant, JOHN DOE DRIVER, managed the aforementioned motor vehicle number one, at or near the aforementioned location.

16. On or about September 07, 2025, the Defendant, JOHN DOE DRIVER, maintained the aforementioned motor vehicle number one, at or near the aforementioned location.

17. On or about September 07, 2025, the Defendant, JOHN DOE DRIVER, controlled the aforementioned motor vehicle number one, at or near the aforementioned location.

18. On or about September 07, 2025, the Defendant, JOHN DOE DRIVER, operated the aforementioned motor vehicle number one, at or near the aforementioned location.

19. On or about September 07, 2025, the Defendant, JOHN DOE DRIVER, inspected the aforementioned motor vehicle number one, at or near the aforementioned location.

20. On or about September 07, 2025, the Defendant, JOHN DOE DRIVER, leased the aforementioned motor vehicle number one, at or near the aforementioned location.

21. On or about September 07, 2025, the Defendant, JOHN DOE DRIVER, was the lessees of the aforementioned motor vehicle number one, at or near the aforementioned location.

22. On or about September 07, 2025, the Defendant, JOHN DOE DRIVER, drove with permission the aforementioned motor vehicle number one, at or near the aforementioned location.

23. On or about September 07, 2025, the Defendant, JOHN DOE DRIVER, drove with express permission the aforementioned motor vehicle number one, at or near the aforementioned location.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

24. On or about September 07, 2025, the Defendant, JOHN DOE DRIVER, drove with implied consent the aforementioned motor vehicle number one, at or near the aforementioned location.

25. On or about, September 07, 2025, the Defendant, JOHN DOE DRIVER operated a motor vehicle, hereinafter referred as "motor vehicle number one", on or near 908F North Bound Mosholu Parkway or South Bound Major Deegan Expressway overpass.

26. On or about September 07, 2025, the Decedent, FRANCISCO GADEA PACHECO, was a passenger in a LYFT, operated by John Doe Driver, at or near 908F North Bound Mosholu Parkway South Bound Major Deegan Expressway overpass.

27. Upon information and belief, DECENDANT, FRANCISCO GADEA PACHECO, ordered said LYFT operated by JOHN DOE DRIVER and managed, maintained and or supervised by Defendant LYFT, from an address in NEW JERSEY.

28. Upon information and belief, FRANCISCO GADEA PACHECO, entered the LYFT operated by JOHN DOE DRIVER, and managed, maintained and or supervised by Defendant LYFT, in NEW JERSEY.

29. Upon information and belief, the destination was to be decedent's home in NEW JERSEY.

30. Defendant JOHN DOE DRIVER instead transported decedent to BRONX, NY.

31. Upon information and belief, Defendant JOHN DOE DRIVER forced decedent to exit the LYFT on the aforementioned highway.

32. Decedent FRANCISCO GADEA PACHECO was then struck and killed by a vehicle operated by EMILIO MATOS while on the highway.

### AS AND FOR A FIRST CAUSE OF ACTION

33. Plaintiff repeats and re-alleges each and every previous allegation with the same force and effect as if hereinafter set forth at length.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

34. That by reason of the foregoing, Plaintiff decedent **FRANCISCO GADEA PACHECO** sustained severe and permanent personal injuries, and Plaintiff **FRANCISCO GADEA PACHECO** was otherwise damaged.

35. That Plaintiff decedent **FRANCISCO GADEA PACHECO** sustained serious injuries as defined by § 5102(d) of the Insurance Law of the State of New York.

36. That Plaintiff decedent **FRANCISCO GADEA PACHECO** sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

37. That plaintiff **FRANCISCO GADEA PACHECO, deceased** is not seeking to recover any damages for which Plaintiff has been reimbursed by No Fault insurance and/or for which No-Fault insurance is obligated to reimburse Plaintiff. Plaintiff is seeking only to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

38. Plaintiff's ALEJANDRA LAVAYEN and ARELI BETHSABE LAVAYEN and EZEQUIEL LAVAYEN are entiled to recover for loss of services as a result of the wrongful death of Decendent Francisco Gadea Pacheco.

39. That this action falls within one or more of the exceptions set forth in CPLR § 1602.

40. Plaintiffs, Alejandra Lavayen, A.L, and E.L, are entitled to recover for such economic loss as exceed basic economic loss, loss of consortium, and parental guidance.

41. The Defendants, LYFT, and JOHN DOE DRIVER, were negligent and indulged in culpable conduct by reason of the recklessness and carelessness in the ownership, operation, maintenance, management and control of the aforesaid motor vehicle; in failing to properly maintain, repair and care for the aforesaid motor vehicle; in failing to have some under reasonable and proper control; in failing to keep a proper lookout upon a highway; in failing to give due and proper warning of the movements of said motor vehicles; in failing to heed traffic controls in

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

failing to signal or give signals; in so operating the motor vehicles as to cause the same to be in such a position on the streets as to endanger the safety to others; in operating said motor vehicle at such speeds at said location as to cause the same to be of danger to others, and in violating the statues, ordinances and regulations, of which the Court will take Judicial notice, in such cases made and provided.

That by reason of the foregoing and the negligence of the defendants, decedent, FRANCISCO GADEA PACHECO, sustained severe, serious and permanent personal injuries, became sick, sore, lame and disabled; suffered injuries to her nervous system; suffered mental anguish; was incapacitated from attending to his usual duties and suffered a loss and/or limitation of quality and enjoyment of life' and decedent, FRANCISCO GADEA PACHECO, was otherwise damaged.

**WHEREFORE**, the Plaintiff, ALEJANDRA LAVAYEN as administrator of the estate of Francisco Gadea Pacheco, demands judgment against the Defendants, LYFT, and JOHN DOE DRIVER , in an amount, which exceeds the jurisdictional limits of the lower courts which would otherwise have jurisdiction over this matter, all together with the costs and disbursements of this action.

Dated: December 16, 2025
       New York, New York

Yours, etc.

*Kurt Robertson*
Kurt Robertson, Esq.,
Robertson & Associates
42 Broadway, Suite 2040
New York, NY 10004

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

8 of 10

## ATTORNEY VERIFICATION

KURT ROBERTSON, an attorney at law, duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury that:

He is the attorney for the plaintiff(s) in the above entitled action. That he has read the foregoing SUMMONS AND VERIFIED COMPLAINT and knows the contents thereof, and upon information and belief, deponent believes the matters alleged therein to be true.

The reason this Verification is made by deponent and not by the plaintiff(s) is that the plaintiff(s) herein reside(s) in a county other than the one in which the plaintiff's attorneys maintain their office.

The source of deponent's information and the grounds of his belief are communication, papers, reports and investigation contained in the file.

DATED:    December 16, 2025
          New York, New York

                                          _____*Kurt Robertson*_____
                                          Kurt Robertson, Esq.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Index No. :

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ALEJANDRA LAVAYEN as administrator of the estate of Francisco Gadea Pacheco, Alejandra Lavayen individually, and as a parent and guardian of A.L,E.L,

Plaintiff(s),

-against-

LYFT., and JOHN DOE DRIVER,

Defendant(s).

**SUMMONS AND VERIFIED COMPLAINT**

**ROBERTSON & ASSOCIATES**
*Attorneys for:* Plaintiff(s)
*Office and Post Office Address, Telephone*
42 Broadway, Suite 2040
New York, NY 10004

To
Attorney(s) for

Service of a copy of the within
Dated,                           is hereby admitted.

Attorney(s) for

PLEASE TAKE NOTICE:
☐ NOTICE OF ENTRY
    that the within is a (certified) true copy of a
    duly entered in the office of the clerk of the within name court on                           19
☐ NOTICE OF SETTLEMENT
    that an order
    will be presented for settlement to the HON.      of which the within is a true copy
    within named Court, at                                                              One of the judges of the
    on                                              at                    M.
Dated,

Yours, etc.
**ROBERTSON & ASSOCIATES**

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.